CAUSE NO. _____ B190080-C

| | | |
|---|---|---|
| REA and AMBER WRINKLE | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | ORANGE COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | 163rd \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now REA and AMBER WRINKLE ("Plaintiffs") and file this

Plaintiffs' Original Petition, complaining of SCOTTSDALE INSURANCE

COMPANY, and for cause of action, Plaintiffs would respectfully show this

Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery on a Level III discovery plan and will

file an agreed scheduling order with the Court as soon as is reasonably practical.

### PARTIES

2.    Plaintiffs, REA and AMBER WRINKLE, are individuals residing in Orange,

Texas.

**EXHIBIT 1**

3.    Defendant SCOTTSDALE INSURANCE COMPANY is an Ohio insurance company engaged in the business of insurance in Texas. The causes of action asserted arose from or are connected with purposeful acts committed by this defendant. This defendant may be served with process by serving the Commissioner of Insurance. The mailing address for service on the Commissioner of Insurance is:

Chief Clerk Office
333 Guadalupe
MC 113-2A, P.O. Box 149104
Austin, Texas 78714-9104.

Plaintiffs request that the District Clerk include two copies of the documents to be served in the service on the Commissioner of Insurance and a check in the amount of $50.00 from the law firm representing Plaintiffs payable to the Texas Department of Insurance for its fee.

Following service upon the Commissioner of Insurance, Plaintiffs request the Commissioner of Insurance to forward the process or a true copy to:  Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION

4.    The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5.     The court has jurisdiction over Defendant SCOTTSDALE INSURANCE

COMPANY because this defendant is engaged in the business of insurance in the

State of Texas and Plaintiffs' causes of action arise from this defendant's business

activities in the State of Texas.  Furthermore, in accordance with the policy of

insurance in question, Plaintiffs request that defendant submit "to the jurisdiction

of [this] court of competent jurisdiction within the United States of America and

[to] comply with all requirements necessary to give the Court jurisdiction."

### VENUE

6.     Venue is proper in Orange County, Texas, because the insured property is

situated in Orange County, Texas (TEX.CIV. PRAC. & REM. CODE §15.032) and

because all or a substantial part of the events or omissions giving rise to the claim

occurred in Orange County (TEX.CIV. PRAC. & REM. CODE §15.002).

7.     Plaintiffs are seeking monetary relief over $100,000 but not more than

$200,000.   If circumstances reveal otherwise, Plaintiffs will amend their petition

to so reflect.  Plaintiffs will submit this case to the trier of fact for a fair, equitable

and just amount of compensation.

### NOTICE

8.     The Plaintiffs have met all notice requirements to the Defendant

SCOTTSDALE INSURANCE COMPANY, as required by the Texas Insurance

Code.

## FACTS AND CAUSES OF ACTION

9.    Plaintiffs are the owner of an insurance policy No. HOS1099511-2017

(hereinafter referred to as "the Policy"), which was issued by Defendant

SCOTTSDALE INSURANCE COMPANY.

10.    Plaintiffs own the insured property, which is specifically located at 1918

Walnut Avenue, Orange, Texas 77632, Orange County, Texas, (hereinafter

referred to as "the Property").

11.    Defendant SCOTTSDALE INSURANCE COMPANY sold the Policy,

insuring the Property, to Plaintiffs.

12.    On or about August 25, 2017, in the late evening going into the early

morning hours of August 31, 2017, Hurricane Harvey struck Orange County,

Texas, causing severe damage to homes and businesses throughout the Gulf Coast

Region of Texas, including Plaintiffs' property.

13.    As a result of the storm, Plaintiffs filed an insurance claim with

SCOTTSDALE INSURANCE COMPANY for the damages to their property

caused by Hurricane Harvey covered under the Policy.  Plaintiffs' house did not

flood.

14.    Plaintiffs submitted a claim to SCOTTSDALE INSURANCE COMPANY

under the Policy for all roof damage, ceiling damage, wall damage, water and

moisture damage, ductwork damage, wind damage, and damage to the structure of the property sustained as a result of Hurricane Harvey.

15. Plaintiffs asked that SCOTTSDALE INSURANCE COMPANY cover the cost of all repairs necessary to restore her Property pursuant to the Policy. SCOTTSDALE INSURANCE COMPANY assigned Timothy Hassenboehler PE and Kate A. Disks, PE, employed by EFI Global, Inc., as the individual adjusters and/or claims handlers.

16. As detailed herein below, SCOTTSDALE INSURANCE COMPANY wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Additionally, SCOTTSDALE INSURANCE COMPANY continues to deny the payment of the damages to the Property. As such, Plaintiff has not been paid in full for the damages to their property. Plaintiffs' damages to their property are believed to be approximately $70,000.

17. Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, SCOTTSDALE INSURANCE COMPANY refused and continues to refuse to pay the proceeds under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to

recovery upon the Policy had been carried out and accomplished by Plaintiffs.
SCOTTSDALE INSURANCE COMPANY'S conduct constitutes a breach of the
insurance contract between SCOTTSDALE INSURANCE COMPANY and
Plaintiffs.

18.     Defendant SCOTTSDALE INSURANCE COMPANY and its employee
adjusters misrepresented to Plaintiffs that the damage to the Property was not
covered under the Policy, even though the damage was caused by a covered
occurrence. Defendant's conduct constitutes a violation of the Texas Insurance
Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19.     Defendant SCOTTSDALE INSURANCE COMPANY and its employee
adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner,
although they were aware of their liability to Plaintiffs under the Policy.
Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair
Settlement Practices. TEX. INS. CODE. §541.060(a)(2)(A).

20.     Defendant SCOTTSDALE INSURANCE COMPANY and its employee
adjusters failed to explain to Plaintiff the reasons for their denial of their claim.
Specifically, Defendant failed to offer Plaintiffs adequate compensation, without a
proper explanation why full payment was not being made. Furthermore,
Defendant did not communicate that any future settlements or payments would be
forthcoming to pay for the entire losses covered under the Policy, nor did they

provide an adequate explanation for the failure to adequately settle Plaintiffs'
claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair
Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant SCOTTSDALE INSURANCE COMPANY refused to fully
compensate Plaintiff, under the terms of the Policy, even though Defendant failed
to conduct a reasonable investigation. Specifically, Defendant performed an
outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased,
unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's
conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendant SCOTTSDALE INSURANCE COMPANY failed to meet its
obligations under the Texas Insurance Code regarding payment of claim without
delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than
allowed and, to date, Plaintiffs have not yet received full payment for their claim.
Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt
Payment of Claims, TEX.INS.CODE §542, Subchapter B (including Sections
542.055, 542.056, 542.058).

23.     From and after the time Plaintiffs' claim was presented to Defendant
SCOTTSDALE INSURANCE COMPANY, the liability of Defendant to pay the
full claim in accordance with the terms of the Policy was reasonably clear had an

adequate investigation been made. However, Defendant has refused and continues to refuse to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant SCOTTSDALE INSURANCE COMPANY knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

25.     As a result of Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

26.     Plaintiffs' experience regarding their claim with Defendant SCOTTSDALE INSURANCE COMPANY is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

27.     Defendant SCOTTSDALE INSURANCE COMPANY'S conduct constituteS multiple violations of the Texas Insurance Code, Unfair Settlement

Practices. TEX.INS.CODE §541.060. All violations under this article are made actionable by TEX.INS.CODE §541.151.

28.     The unfair settlement practices of Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

29.     Defendant is liable to Plaintiffs for common law fraud.

30.     Each and every one of the representations, as described above, concern material facts and were relied upon by Plaintiffs to their detriment. Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

31.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

32.     Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters are liable to Plaintiffs for conspiracy to commit fraud. Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters were a

member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendant SCOTTSDALE INSURANCE COMPANY and its employee adjusters committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

33.    Defendant SCOTTSDALE INSURANCE COMPANY is liable to Plaintiffs for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

34.    Defendant SCOTTSDALE INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between Defendant SCOTTSDALE INSURANCE COMPANY and Plaintiffs.

35.    Defendant SCOTTSDALE INSURANCE COMPANY's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant SCOTTSDALE INSURANCE COMPANY's insurance contract with Plaintiffs.

36.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

37. Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. SCOTTSDALE INSURANCE COMPANY is vicariously liable for the actions of its contractor engineers, EFI Global, Inc.

39. As previously mentioned, the damages caused by Hurricane Harvey rendered Plaintiffs' property substantially damaged. Plaintiffs have attempted to mitigate their damages, but their damages have not been properly addressed or repaired since the storm due to SCOTTSDALE INSURANCE COMPANY's failure to pay for the repairs, causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant SCOTTSDALE INSURANCE COMPANY's mishandling of Plaintiffs; claim in violation of the laws set forth above.

40. For breach of contract, Plaintiffs is entitled to regain the benefit of her bargain, which is the amount of their claim, together with attorney fees, penalties and interest.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs asks for three times their actual damages.

42.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as ten (10%) percent interest per annum of the amount of such claim as damages, together with attorney's fees.

43.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

44.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

45.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### Jury Demand

46.     Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas.  Plaintiffs

previously tendered the appropriate jury fee.

## REQUESTS FOR DISCLOSURE TO
## DEFENDANT SCOTTSDALE INSURANCE COMPANY

47     **Under Texas Rule of Civil Procedure 194, Plaintiffs request that
Defendant SCOTTSDALE INSURANCE COMPANY disclose within fifty
(50) days of the service of this request the information or material described
in Rule 194.2 (a) - (l).**

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant
be cited to appear and answer, and upon trial hereof, Plaintiffs have and recovers
such sums as would reasonably and justly compensate Plaintiffs in accordance with
the rules of law and procedure, both as to actual damages, treble damages under the
Texas Insurance Code and all punitive and exemplary damages as may be found.
In addition, Plaintiffs request the award of attorney's fees for the trial and any
appeal of this case, for all costs of court in their behalf expended, for prejudgment
and postjudgment interest as allowed by law, and for any other and further relief,
either at law or in equity, to which Plaintiffs may show themselves to be justly
entitled.

Respectfully submitted,

SMITH LAW FIRM, PLLC

By _____

    John Cash Smith
State Bar No. 18628000
Christopher S. Smith
State Bar No. 24002960
1006 Green Avenue
Orange, TX 77630
(409) 886-7766
FAX (409) 886-7790
Johncash@smithlawfirmtx.com
Chris@smithlawfirmtx.com